IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

CORNELIUS TUCKER,

       Plaintiff,

v.                            Case No. 6:05-cv-00368

S. WINGROVE, United States Treasury
Accrual Services Asst., and TWO UNKNOWN
AGENTS OF THE U.S. TREASURY, BUREAU OF
PUBLIC DEBTS, Supervisor and Secretary/Director,

       Defendants.

CORNELIUS TUCKER,

       Plaintiff,

v.                            Case No. 6:05-cv-00464

NORRIS, Treasury, Bureau of Debt Accrual
Federal Agent, S. WINGROVE, Federal Bureau/
Accrual Agent, SECRETARY, U.S. DEPARTMENT OF
TREASURY AND ACCRUAL SECTION AGENCY,

       Defendants.

CORNELIUS TUCKER,

       Plaintiff,

v.                            Case No. 6:05-cv-00497

RANDY STEVENS TUCKER,
EIGHT UNKNOWN U.S. FEDERAL BUREAU
OF PUBLIC DEBT AGENTS, ACS S. WINGROVE,
ACS NORRIS, MICHAEL MUNNS, RENE SMITH,'
ROBERT FOUNDATION, JAMES B. CRAVEN, III,
JUDGE TERRRANCE BOYLE, JUDGE J. FOX, T. BECK,
GOV. M. EASLEY, DR. LAVIN, ATTORNEY GENERAL,
R. COOPER,

       Defendants.

CORNELIUS TUCKER, JR.,

      Plaintiff,

v.                         Case No. 6:05-cv-00729

MICHAEL MUNNS, PATTY GROSSNICKLE,
DARRELL HARPER, ROBERT FOUNTAIN,
WAGSTAFF, ROBERT H. HOBGOOD, ADDINGTON,
S. WINGROVE, UNKNOWN/NAMED COMMISSIONER,
SECRETARY, DIRECTOR, TREASURY DEPARTMENT,
VANBUREN, G. CURRIE, JAMES ORWIN, LYNN ADCOCK,

      Defendants.

CORNELIUS TUCKER, JR.,

v.                         Case No. 6:05-cv-00730

ATTORNEY GENERAL OF THE STATE OF
WEST VIRGINIA, JUDGE FINCH, JUDGE WILKINSON,
SIX UNKNOWN/NAMED U.S. FISCAL AGENTS/ACCRUAL SERVICES,
RENE SMITH, DENNIS ROWLAND, MAGISTRATE C. BRUMMITT,
ROBERT FOUNTAIN, DARRELL HARPER, ACS Manager,
JUDGE ROBERT H. HOBGOOD, MICHAEL MUNNS, JAMES P. ORWIN,
LYNN ADCOCK, JUDGE T.W. BOYLE,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are five civil actions filed by the pro se Plaintiff, Cornelius Tucker, all of which have been filed since May 2, 2005. Plaintiff is presently incarcerated as a State prisoner in a State facility in Butner, North Carolina, after also being adjudged not guilty by reason of insanity on Federal charges of mailing threatening communications in violation of 18 U.S.C. 876.  See United States v. Tucker, Case No. 5:02-cr-00235 (E.D.N.C., Jan. 27,

2

2005), docket sheet document # 83.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because it is "beyond doubt" that Plaintiff's complaints in each of these matters are frivolous and fail to allege facts entitling Plaintiff to relief, he should not be given an opportunity to offer evidence in support of his claims. See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## ANALYSIS

A review of the docket of the United States District Court for the Eastern District of North Carolina indicates that Plaintiff has filed over 115 civil actions in that court since 1993.  A pre-filing injunction issued by that court has been upheld by the United States Court of Appeals for the Fourth Circuit. See Tucker v. Seiber, No. 9406649, 37 F.3d 1496, 1994 WL 567652 (4th Cir., Oct. 18, 1994)(unpublished).  Furthermore, the Fourth Circuit noted

3

that between October 1993 and February 1996, Plaintiff filed 123 appeals in that court.  See Tucker v. Storey, No. 95-7676, 77 F.3d 471, 1996 WL 60452 (4th Cir., Feb. 12, 1996)(unpublished)(Luttig, J., concurring).  A search of Plaintiff's name on Westlaw reveals 94 Fourth Circuit rulings involving Plaintiff.

Clearly, Plaintiff is an abusive litigant.  Since May 2, 2005, Plaintiff has filed five civil actions in this division, and another civil action in the Bluefield Division of the United States District Court for the Southern District of West Virginia.  See Tucker v. Hobgood, Case No. 1:05-cv-00731.  Plaintiff's present complaints are difficult to decipher.  However, in Plaintiff's first complaint in Case No. 6:05-cv-00368, he alleges that agents of the Federal Bureau of Public Debt, which is part of the United States Department of the Treasury, have denied Plaintiff's due process and equal protection rights by failing to mail him forms used to claim the loss of United States Savings Bonds and to request the re-issuance of those bonds.  Plaintiff further alleges claims of breach of contract, breach of fiduciary duty, and racial and disability discrimination against those defendants.  Plaintiff asserts these claims under the Supreme Court's ruling in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In addition, Plaintiff's first complaint alleges claims related to his conditions of confinement in the facility in North

4

Carolina, his right of access to information under the Freedom of
Information Act ("FOIA"), and his right of access to a government
agency.   Plaintiff's   subsequent   complaints add additional
defendants and make more fanciful allegations, culminating in what
amounts to an alleged conspiracy by all of the defendants to deny
Plaintiff his savings bonds.  In his most recent complaint in Case
No. 6:05-cv-00730, Plaintiff specifically alleges as follows:

>  The defendants commingle.  The Treasury fiscal
> agents et al, judges and Polk guards, between Aug. 04 and
> Aug. 05 engaged in a conspiracy to improperly deny, delay
> and/or reduce payment, bonds reissuances and/or resolve
> to engage in several types of allegedly improper conduct,
> Treasury bonds security breach.  Polk staff knows my
> customer service number, S.S. number and could sign the
> bonds and cash them.  Since defendants agents refuse/fail
> to intervene.  Allowing bonds withheld at Polk,
> $5,500.00.  110 EE series bonds, refused to mail to my
> requested designation.  As an Af. Amer. by all Caucasian
> agents otherwise a Caucasian prisoner's bonds would be
> fastidiously remailed.  Depriving me of investment
> opportunities, interest earnings and which has led to
> improper bonds registration amount total.  Harper's
> refusal to investigate adequately.  State judges
> involved.  Engages in deprivation access to court.
> Fraternization habitual failure to effectively adjudicate
> a judicial process.  Partiality.  1st, 4th, 5th, 6th,
> 8th, 14th, U.S.C.A.  Interference/Gov't impediment in
> contractual Treasury bonds business by Polk defendants.
> Treasury/Pub Debt defendants fail to investigate,
> remedy/relief re: bonds reissuances/surrender payment.
> Owrin/Adcock Polk acct. refuse to mail bonds.  Mailed to
> Polk in a conspiracy campaign with attorney Craven, whom
> had bonds.  Broke contract to keep bonds I had him
> purchase until 2008 until my release.

>  The W.V.A.G. [West Virginia Attorney General]
> refused to inquire by Consumer Fraud Prevention and file
> suit against Treasury/and Munns etc, etc. Polk def's for
> destroying 30 bonds $1,500.00 worth.  Dec. 3, 04 Robert
> Fountain.  Also, eyeglasses, photos, legal books,
> transcripts, $1,000.00 property damages.  Deprived of

shavings.    Munns, Rowland.    Extortion/embezzlement
attempts to encourage bonds cashed in placed in prison
acct. or Munns, Rowland, Adcock, Orwin refused to mail
bonds out.  Physical brutality due to filing grievances,
lawsuits, Fountain, Munns, Addington, Lt. Brown, Lt.
Vanburen , (4) unknown State Polk guards.  Civil fraud,
extortion/embezzlement,  bait  and  switch,  racially
motivated discrim.  I'm Af. Amer.  All def's Caucasian,
except Fountain.  Inherent racism to please his bosses.

(Tucker v. Attorney General et al., 6:05-cv-00730, # 2 at 3).

The undersigned proposes that the presiding District Judge
**FIND** that Plaintiff's allegations are indecipherable, indisputably
meritless, and are based upon factual assertions which are
irrational, fanciful and delusional.  Furthermore, to the extent
that Plaintiff has attempted to assert a Bivens claim against
agents employed by the Department of the Treasury or its Bureau of
Public Debt (the "Treasury defendants"), the complaint fails to
state a claim upon which relief can be granted.  Such a complaint
must "allege[] the specific conduct violating the plaintiff's
right, the time and the place of that conduct, and the identity of
the 'responsible officials.'"  Preast v. McGill, 65 F. Supp.2d 395,
403 (S.D. W. Va. 1999)(quoting Colburn v. Upper Darby Township, 838
F.2d 663 (3d Cir. 1988)).  Even taken in the light most favorable
to Plaintiff, his complaints fail to properly allege any specific
violations of his constitutional or civil rights by the Treasury
defendants.

Moreover, this court lacks jurisdiction over those defendants
who do not reside within the Southern District of West Virginia,

and those who do not have sufficient minimal contacts with the Southern District of West Virginia. <u>See</u> <u>International Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement et al.</u>, 326 U.S. 310, 319 (1945); <u>see also</u> <u>In re Celotex Corp.</u>, 124 F.3d 619, 628 (4th Cir. 1997). Despite the recommendation that the presiding District Judge find that the Plaintiff's complaints are frivolous or fail to state a claim, the undersigned will briefly address the jurisdictional issues.

Because Plaintiff was neither convicted, nor incarcerated, in the Southern District of West Virginia, the undersigned proposes that the presiding District Judge **FIND** that there is no basis for jurisdiction over (1) defendants who are employees of the Polk Youth Institution in Butner, North Carolina, or any other North Carolina correctional facility where Plaintiff is or may have been incarcerated, (2) any of the judges who have presided over Plaintiff's cases in North Carolina, (3) Plaintiff's Federal Public Defender in North Carolina, (4) the Attorney General of North Carolina, or his employees, or (5) the Governor of North Carolina. Nor does the court have jurisdiction over Randy Stevens Tucker, who resides in Oklahoma.

Based upon the information contained in Plaintiff's five complaints, it appears that none of these defendants has sufficient minimal contacts to the Southern District of West Virginia. Accordingly, the undersigned proposes that the presiding District

7

Judge **FIND** that this court lacks jurisdiction over any claims alleged against the following defendants: Michael Munns, Rene Smith, Robert Fountain, Wagstaff, Addington, Vanburen, James Orwin, Lynn Adcock, Dennis Rowland, T. Beck, and Dr. Lavin, all of whom appear to be employed by or connected to the Polk Youth Institution; Roy Cooper, the Attorney General of North Carolina and George E. Currie, whose address is a "Regional Office" in Raleigh, North Carolina; Judge T.W. Boyle, Judge Fox, Judge Finch, Judge Wilkinson, Judge Hobgood, and Magistrate C. Brummitt, who are all members of the State or Federal judiciary in North Carolina; Governor Michael F. Easley, the current Governor of North Carolina; and Randy Stevens Tucker, an apparent resident of the State of Oklahoma.

For the reasons stated herein, and pursuant to 28 U.S.C. § 1915A(b)(1), it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the complaints in each of the following cases:

Tucker v. Wingrove et al., Case No. 6:05-cv-00368 (# 2);

Tucker v. Norris et al., Case No. 6:05-cv-00464 (# 2);

Tucker v. Tucker et al., Case No. 6:05-cv-00497 (# 2);

Tucker v. Munns et al., Case No. 6:05-cv-00729 (# 2); and

Tucker v. Attorney General et al., Case No. 6:05-cv-00730 (# 2).

It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** as moot the following applications and motions:

1. Plaintiff's Application to Proceed <u>in forma pauperis</u> (# 1), Plaintiff's Motion to Produce Documents (# 4), Plaintiff's Motion for Discovery (# 5-1), Plaintiff's Motion for Expedient I.F.P. Review (# 5-2), Plaintiff's Motion to Amend his Complaint (# 7), Plaintiff's Motion for Leave to File Discovery, Production of Documents (# 8-1), Plaintiff's Motion for Leave to Add Specified Defendants and Claim Issue Arising Since Original File to Aid Decisional Process (# 8-2), and Plaintiff's Motion for the Totality of 149 Savings Bonds Equaling $7,250, but Including Earned Interest (# 9) in <u>Tucker v. Wingrove et al.</u>, Case No. 6:05-cv-00368;

2. Plaintiff's Application to Proceed <u>in forma pauperis</u> (# 1), Plaintiff's Motion to Amend Complaint (# 6), Plaintiff's Motion for Leave to File Discovery, Production of Documents (# 7-1), Plaintiff's Motion for Leave to Add Specified Defendants and Claim Issue Arising Since Original File to Aid Decisional Process (# 7-2), and Plaintiff's Motion for the Totality of 149 Savings Bonds Equaling $7,250, but Including Earned Interest (# 8) in <u>Tucker v. Wingrove et al.</u>, Case No. 6:05-cv-00464;

3. Plaintiff's Application to Proceed <u>in forma pauperis</u> (# 1) in <u>Tucker v. Tucker et al.</u>, Case No. 6:05-cv-00497;

4. Plaintiff's Application to Proceed <u>in forma pauperis</u> (# 1) in <u>Tucker v. Munns et al.</u>, Case No. 6:05-cv-00729; and

5. Plaintiff's Application to Proceed <u>in forma pauperis</u> (# 1) in <u>Tucker v. Attorney General et al.</u>, Case No. 6:05-cv-00730.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED** in each of the above-referenced

civil actions, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have three days (mailing) and ten days (filing of objections) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.    Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.    Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).    Copies of such objections shall be served on Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff by certified mail, return receipt requested.

| | |
|---|---|
| October 3, 2005 | _Mary E. Stanley_ |
| Date | Mary E. Stanley |
| | United States Magistrate Judge |